Case 4:24-cv-03354   Document 34   Filed on 07/24/25 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
July 24, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| NORTEK MEDICAL STAFFING, INC., § § § Plaintiff, § § v. § § JELLICO REGIONAL HOSPITAL, § LLC, AND PROGRESSIVE § HEALTHCARE GROUP, LLC § § Defendants. | Civil Action No. H-24-3354 |

## ORDER

Pending before the Court is Defendant Jellico Regional Hospital, LLC's Opposed Motion to Transfer Venue to the Eastern District of Tennessee (Document No. 21). Having considered the motion, submissions, and applicable law, the Court determines that the motion should be granted.

## I. BACKGROUND

This case involves an alleged breach of contract. On February 23, 2023, Plaintiff Nortek Medical Staffing, Inc. ("Nortek"), entered into a client services agreement ("the Contract") with Defendant Jellico Regional Hospital, LLC ("Jellico"), to provide medical services to Jellico's hospital located in Tennessee. In January 2024, Defendant Progressive Healthcare Group, LLC ("Progressive"), purchased Jellico, absorbing its debts and liabilities. Nortek contends that

Progressive was still obligated to abide by the Contract between Nortek and Jellico and failed to make payments allegedly due to Nortek under the agreement.

Based on the foregoing, on June 24, 2024, Nortek filed suit against Jellico in the 125th District Court of Harris County, Texas. On September 9, 2024, Jellico removed this matter to this Court pursuant to diversity jurisdiction. On November 27, 2024, Nortek amended its original petition to include Progressive as a defendant. On March 25, 2025, Jellico moved to transfer venue to the Eastern District of Tennessee.

## II. LAW & ANALYSIS

Jellico contends venue should be transferred because both private and public interest factors, which include: (1) the location of sources of proof; (2) the convenience of witnesses; (3) the cost of attendance for willing witnesses; (4) the lack of prejudice Nortek would experience; (5) the localized interest in local disputes favors transfer; and (6) the Eastern District of Tennessee capability to rule on this case. Nortek and Progressive both oppose Jellico's motion to transfer, contending that a forum selection provision contained within the Contract binds this controversy to a court located in Harris County, Texas.

A district court may transfer venue pursuant to § 1404(a) for the convenience of the parties and witnesses, and in the interest of justice. 28 U.S.C. § 1404(a). The threshold inquiry under § 1404 is whether the case might have originally been

2

brought in the transferee court. *See id.*; *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). Second, this Court must ascertain whether transfer is for the convenience of the parties and witnesses and in the interest of justice. 28 U.S.C. § 1404(a); *In re Volkswagen*, 371 F.3d at 203. The Court addresses each part in turn.

First, the Court must determine if this case might have originally been brought in the transferee court. Nortek contends that a forum selection clause in the Contract is applicable in this matter, which states, in relevant part that "any dispute concerning this Agreement must be brought in a court of competent jurisdiction in Houston, Harris County, Texas, and the parties hereto consent to such jurisdiction."[1] In response, Jellico makes reference to the Supreme Court's holding in *Atl. Marine Constr. Co. Inc. v. United States Dist. Court for Western Dist. Of Texas*, in which the Court held that forum-selection clauses do not always control, allowing district courts to consider arguments related to public interest factors which can defeat a forum-selection clause. *See Atl. Marine Constr. Co., Inc., v. United States Dist. Court for Western Dist. Of Texas,* 571 U.S. 49, 51 (2013). In that case, the Supreme Court made clear that the party acting in violation of the forum-selection clause must show that the public-interest factors weigh heavily in favor of transfer. Thus, the

---

[1] *Plaintiff's Response to Defendant Jellico Regional Hospital, LLC's Opposed Motion to Transfer Venue to the Eastern District of Tennessee*, Document No. 25, Exhibit 2 at 3 (*the Contract*).

3

Court will consider whether the public-interest factors weigh in favor of transfer in order to determine whether the forum-selection clause should be enforced.

The public interest factors encompass (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems in conflict of laws or in the application of foreign law. *Id.* Additionally, a court may also consider "judicial economy, that is, whether a transfer would avoid duplicative litigation and prevent waste of time and money," when evaluating the public interest factors. *ExpressJet Airlines, Inc. v. RBC Capital Markets Corp.*, Civil Action No. H-09-992, 2009 WL 2244468, at *7 (S.D. Tex. July 27, 2009) (Miller, J.) (quoting *Nature Coast Collections, Inc. v. Consortium Serv. Mgmt. Group, Inc.*, Civil Action No. C-06-273, 2006 WL 3741930, at *6 (S.D. Tex., Dec. 18, 2006) (Graham, J.)).

Here, Jellico contends that the Eastern District of Tennessee has a significantly greater localized interest in this case than the Southern District of Texas, evidenced by the fact that the subject hospital, records, relevant individuals, and underlying events all occurred in Tennessee. Both Nortek and Progressive failed to respond to Jellico's arguments pertaining to public interest factors. Failure to respond is taken as a representation of no opposition. S.D. Tex. Local R. 7.4. Accordingly, having considered the foregoing and applicable law, the Court finds

that the public interest factors in this matter weigh in favor of transfer, and declines to enforce the forum-selection clause in the Contract. In addition to the public-interest factors in this matter weighing in favor of transfer, Congress has made clear that venue may be established in a "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."[2] Therefore, based on the foregoing, the Court finds this action could have originally been brought in the transferee court.

Next, whether transfer is in the interest of justice and for the convenience of parties and witnesses depends on private and public interest factors, none of which is given dispositive weight. *In re Volkswagen AG*, 371 F.3d at 201, 203 (5th Cir. 2004). These factors are not exhaustive, exclusive, and no factor is dispositive on the issue of transfer. *Gapp v. Linde Gas N. Am., LLC*, No. H-10-4642, 2011 WL 1770837, at *2 (S.D. Tex. May 9, 2011) (Atlas, J.) (citing *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004)). The party seeking transfer must demonstrate the transferee court is more convenient and serves justice. *In re Radmax*, 720 F. 3d 285, 288 (5th Cir. 2013) (citing *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 311 (5th Cir. 2008) (en banc)).

---

[2] 28 U.S.C. § 1391(b)(2).

Case 4:24-cv-03354   Document 34   Filed on 07/24/25 in TXSD   Page 6 of 8

Courts consider the following private interest factors: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen AG*, 371 F.3d at 203 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). With respect to the private factors, Jellico contends these factors weigh in favor of transfer. Jellico further contends that the subject hospital, along with all relevant documents, records, and physical evidence, are located in the Eastern District of Tennessee. Jellico further contends that all defense fact witnesses, including healthcare executives, contract negotiators, and individuals familiar with the subject hospital's business operations are in Tennessee. Jellico further contends that the additional travel time, meal and lodging expenses, and time away from the witnesses' regular employment will be unduly prohibitive to the necessary witnesses in this case. Jellico further contends that the plaintiff in this matter will not be prejudiced by a transfer considering that discovery in this matter is in its early stages. Finally, Jellico contends that Nortek's choice of forum should not be accorded deference, considering the Contract was executed in Tennessee, and all affairs arising under the Contract occurred in connection to the subject hospital located in Tennessee. Both Nortek and Progressive failed to respond to Jellico's arguments pertaining to private interest factors. Failure to respond is taken as a representation

6

of no opposition. S.D. Tex. Local R. 7.4. After a review of the record, the Court notes that no incidents occurred in and no witnesses are located in Houston, Texas, pointing to a greater likelihood of the witnesses and evidence being found in Tennessee. Additionally, a trial in this matter in this District would require those potential witnesses to travel more than 900 miles, versus attending a trial in the Eastern District of Tennessee, where travel would be more convenient.

After a thorough review of the record in this case, the Court finds that there is no dispute amongst the parties that every operative fact underlying this case occurred outside of the Southern District of Texas, and the Fifth Circuit has made abundantly clear that "the plaintiffs choice of forum is clearly a factor to be considered but in and of itself it is neither conclusive nor determinative." *In re Horseshoe Ent.,* 337 F.3d 429, 434 (5th Cir. 2003). Thus, considering that the case could have been brought in the Eastern District of Tennessee originally, and all factors for convenience either weigh in favor of transfer or are neutral in this case, the Court finds that the motion to transfer venue is granted.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendant Jellico Regional Hospital, LLC's Opposed Motion to Transfer Venue to the Eastern District of Tennessee (Document No. 21) is **GRANTED**. The Court further

7

**ORDERS** that this case is **TRANSFERRED** to the United States District Court for the Eastern District of Tennessee. The Court further

**NOTES** for the parties that pursuant to United States District Court for the Southern District of Texas General Order No. 2024-2, an order that transfers a civil case to a district court outside the Fifth Circuit is stayed for 21 days from the date the order is entered on the docket. The Court further

**DEFERS** ruling on all other pending motions in this matter.

SIGNED at Houston, Texas, on this **24** day of July, 2025.

_____
DAVID HITTNER
United States District Judge